DAYLE ELIESON
United States Attorney
CHAD W. MCHENRY
Assistant United States Attorney
District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Chad.W.McHenry@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| **United States of America**, | Case No. 2:15-cr-280-RCJ-PAL-2 |
| Plaintiff, | |
| v. | **Government's Motion to Reconsider Dismissal of Indictment (ECF No. 64)** |
| **Evelyn Carrasco**, | |
| Defendant. | |

The United States of America, by and through DAYLE ELIESON, United States Attorney, and CHAD W. MCHENRY, Assistant United States Attorney, submits this motion to reconsider regarding the Court's dismissal of the Indictment as to Defendant Evelyn Carrasco in the above-captioned matter. For the reasons discussed below, the Government respectfully requests that its motion be granted and the dismissal vacated.

## PROCEDURAL HISTORY

In October 2015, a federal grand jury in the District of Nevada indicted the Defendant on one count of Trafficking, Production, and Use of Counterfeit Access Devices, in violation of 18 U.S.C. §§ 1029(a)(1) and 2; one count of Possession of Fifteen or More Counterfeit and Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2; and one count of Unlawful Possession of Device-Making Equipment, in violation of 18 U.S.C. §§ 1029(a)(4) and 2. ECF No. 1. United States Magistrate Judge Nancy J. Koppe issued an arrest warrant the same day. ECF No. 4.

On May 9, 2016, the Defendant was arrested on the warrant in the Central District of California. She appeared the next day before United States Magistrate Judge Michael R. Wilner pursuant to Federal Rule of Criminal Procedure 5(c). ECF No. 29-1; *see* 2:16-mj-964-DUTY (C.D. Ca. 2016). At that hearing, Magistrate Judge Wilner ordered the Defendant held in custody pending bed space in a residential inpatient treatment facility. Judge Wilner further ordered that as a condition of the Defendant's release, she must successfully complete that treatment program. *Id.* He did not order her to appear in the District of Nevada on a date certain for further proceedings. *Id.*

On May 16, 2016, the government filed a *Motion for Emergency Stay of Release From Detention and Appeal to District Court Pursuant to 18 U.S.C. § 3145(c)*. ECF No. 29. In it, the government requested a stay of the Defendant's release to the residential treatment facility and a transfer back to the District of Nevada prior to her entry into the program so she could make her appearance in this Court and this

2

1    Court could set a trial date.[1]  *Id.* at 2-3.  This Court scheduled a hearing on the

2    government's motion for June 29, 2016. ECF. No. 31.

3        Prior to the June 29, 2016 hearing, the government learned that the Defend-

4    ant had been released from custody to report to the treatment facility as ordered by

5    the California court, but that she had absconded and her whereabouts were un-

6    known. The government further learned that Magistrate Judge Wilner had issued a

7    warrant for Defendant's arrest. *See* Exhibit 1. That warrant remained active at least

8    up until this Court's order of dismissal. The government filed a *Motion to Withdraw*

9    *Its Previous Motion for Stay of Release from Detention and to Vacate Hearing*, advis-

10   ing this Court about the Defendant's absconding and about the warrant issued in

11   the Central District as a result. ECF No. 32. The government further asked to with-

12   draw its motion and for the Court to vacate the hearing set for June 29, 2016. *Id*.

13   The Court granted the government's motion and vacated the hearing. ECF No. 33.

14       On September 7, 2018, the Court set a status conference for September 18,

15   2018. ECF No. 60.  Nevada Pretrial Services prepared a report noting, among other

16   things, that the California warrant for Defendant's arrest remained active and out-

17   standing. At the hearing, the Court asked whether a warrant was active out of this

18   Court as well, but government counsel was not sure. The Court then dismissed the

19

20   _____

21   [1] Nevada Pretrial Services advised the government that once the Defendant entered
     into inpatient treatment, that treatment should not be disrupted and she should
     remain at the treatment facility uninterrupted for several weeks. *Id*. at 3. To ensure

22   that a trial date was set at the earliest practicable time, the government asked this
     Court to order the Defendant transferred to the District of Nevada to make her ap-
     pearance before entering treatment. *Id*.

1    Indictment, but invited the government to submit a motion to reconsider.

2                                   **ARGUMENT**

3          The Federal Rules of Criminal Procedure make no specific provision for mo-

4    tions for reconsideration. Nevertheless, the Ninth Circuit has long recognized that

5    "[a] district court has inherent authority to reconsider its rulings as long as it retains

6    jurisdiction over a matter." *United States v. Avila*, 263 Fed. Appx. 585 (9th Cir. 2008)

7    (unpublished) (citing *United States v. Smith*, 389 F.3d 944, 949-51 (9th Cir. 2004)

8    (finding the law of the case doctrine inapplicable to a district court's decision "to

9    reconsider an order over which it has not been divested of jurisdiction")). The gov-

10   ernment respectfully submits that reconsideration of the District Court's dismissal

11   of the Indictment in this case is warranted.

12         The lack of federal warrant for Defendant's arrest from this Court should nei-

13   ther suggest nor imply that the government has not been diligent in pursuing this

14   prosecution. A warrant was issued in the District of Nevada for Defendant on Octo-

15   ber 7, 2015. ECF No. 3. The Defendant was arrested on that warrant in the Central

16   District of California on or about May 9, 2016. After making her appearance there,

17   she was released (over the government's objection) on the condition that she com-

18   plete inpatient residential drug treatment. Instead of reporting to the program as

19   ordered, the Defendant absconded from supervision in the Central District of Cali-

20   fornia before she ever made her initial appearance in the District of Nevada. Upon

21   learning that the Defendant failed to comply with a condition of her release, the

22   magistrate judge in the Central District of California issued a warrant for her arrest.

1    That warrant remains outstanding and active, at least up until the Court's order of

2    dismissal was entered on the docket. *See* 2:16-mj-964-DUTY (C.D. Ca. 2016).

3        Because that active arrest warrant was outstanding, the government did not

4    seek a warrant for the Defendant's arrest in this District as well. To the extent the

5    Court may have viewed the lack of a federal warrant from Nevada as an indication

6    that the government was not interested in prosecuting the Defendant here, that was

7    certainly not the government's intention. Indeed, we stand ready to prepare an ap-

8    plication for a warrant for review in this Court, should the Court deem that appro-

9    priate. To dismiss the Indictment simply because the Defendant has not yet ap-

10   peared in this Court would reward her for absconding.

11       Dismissal of an indictment is considered a "drastic step" and is generally dis-

12   favored. *Guam v. Muna*, 999 F.2d 397, 399 (9th Cir. 1993) (*quoting United States v.*

13   *Rogers*, 751 F.2d 1074, 1076–77) (9th Cir. 1985)); *see also United States v. Jacobs*,

14   855 F.2d 652, 655 (9th Cir. 1988) (dismissal of an indictment is a "disfavored" and

15   "drastic" remedy). A Court may dismiss an indictment on constitutional grounds,

16   *United States v. Basurto*, 497 F.2d 781 (9th Cir. 1974), or, in limited circumstances,

17   pursuant to its inherent supervisory power. *United States v. Owen*, 580 F.2d 365 (9th

18   Cir. 1978). But neither situation is present here. There has been no due process or

19   constitutional violation alleged. No prosecutorial misconduct of *any* nature—let

20   alone the kind of flagrant impropriety that would justify the court's exercise of its

21   inherent supervisory power to dismiss an otherwise valid indictment returned by an

22

1  apparently unbiased grand jury—has even been alleged. Nothing suggests the De-

2  fendant has been prejudiced in this case in any way, and indeed the Defendant her-

3  self is responsible for any delay in this case because she decided to abscond. The

4  government has committed no act that would justify the extreme remedy of dismissal

5  of a valid indictment. Dismissal of this Indictment would not protect the integrity of

6  the judicial process, but would instead simply reward the conduct of a fugitive who

7  refuses to appear to answer the charges that she knows are pending against her.

8                                      **<u>CONCLUSION</u>**

9          For the reasons discussed above, the Government respectfully requests that

10  this Court grant its motion and vacate its dismissal of the indictment against the

11  Defendant.

12

13  **DATED** this 25th day of September, 2018.

14

15                                      Respectfully submitted,

16                                      DAYLE ELIESON
                                        United States Attorney

17                                      */ s / Chad McHenry*
                                        _____

18                                      CHAD W. MCHENRY
                                        Assistant United States Attorney

19

20

21

22

                                        6